# United States Bankruptcy Court
### Eastern District of Virginia

|  |  |
|---|---|
| **In re:** Hassan M. Ahmad | Case Number   14–14380–RGM<br>Chapter   13<br>Adversary Proceeding Number   15–01001–RGM<br>Judge   Robert G. Mayer |

Shamsiya Shervani

Plaintiff(s)

V.

Hassan M. Ahmad et al.

Defendant(s)

## INITIAL SCHEDULING ORDER

    1. **Motions must be promptly set for hearing.** Any motion to dismiss or for more definite statement shall be noticed by the movant at the same time as it is filed for a hearing on the nearest available motions day that provides 14 days notice. *Failure to notice such motions for a hearing may result in the summary denial of the motion.* Available motions dates may be obtained from the Clerk.

    2. **Discovery Meeting and Commencement of Discovery.** The attorneys and any party not represented by an attorney shall meet to formulate a discovery plan as required by F.R.Bankr.P. 7026 and F.R.Civ.P. 26(f) no later than 40 days after issuance of the summons. The meeting may be in person or by telephone. Discovery may be commenced 40 days after the issuance of the summons, or, if earlier, after the discovery meeting provided that the parties have agreed upon a discovery plan.

    3. **Initial Pretrial Conference.** An initial pretrial conference under F.R.Bankr.P. 7016 and F.R.Civ.P. 16(a) shall be held on  March 3, 2015 at 9:30 a.m. in Courtroom I , Martin V.B. Bostetter, Jr., United States Courthouse, 200 South Washington Street, Alexandria, Virginia, to establish a discovery plan, if **at least 14 days before the date of the initial pretrial conference** the parties file a proposed discovery plan or either party files a statement that the discovery plan contained in paragraph 4 of this order is not appropriate for this case and that the parties have been unable to agree on a discovery plan. **The motion to establish a discovery plan should be noticed for a hearing using the above referenced date and time.** Otherwise, the initial pretrial conference will not be held and the discovery plan set forth in this order will control.

    4. **Discovery Plan.** Unless modified by order of this court, the following shall constitute the discovery plan for this adversary proceeding:

        a. The initial disclosures required by F.R.Civ.P. 26(a)(1) shall be made not later than the date shown above for the initial pretrial conference.

        b. The parties shall make the expert witness disclosures required by F.R.Civ.P. 26(a)(2) except rebuttal expert witness disclosures, not later than 60 days after issuance of the summons. Rebuttal expert witness disclosures shall be made within 90 days after issuance of the summons.

    c. All discovery shall be **concluded** within 120 days after issuance of the summons and shall be **initiated** by such date as will allow the full period for response permitted by the Federal Rules of Civil Procedure, unless such period is reduced by the court or by stipulation of the parties.

    d. No party may serve on another party more than 25 interrogatories or 30 requests for admission, or take more than 5 depositions.

5. Any party not consenting to the entry of a final order by the Bankruptcy Judge shall file a Motion to withdraw the reference or for other appropriate relief within **30 days** of the entry of this Scheduling Order, and shall promptly set the matter for a hearing. The failure to comply with the terms of this paragraph shall be deemed to constitute consent to the entry of final orders by the Bankruptcy Judge.

6. **Final Pretrial Conference.** A final pretrial conference shall be held on June 2, 2015 at 09:30 AM in Judge Mayer's Courtroom, U.S. Bankruptcy Court, 2nd Floor, 200 S. Washington St., Ctrm I, Alexandria, VA 22314, at which an early trial date will be set. *At or before such conference, the parties must make the disclosure of trial witnesses and exhibits required by F.R.Civ.P. 26(a)(3). The witness list and the original and two copies of the exhibits – each properly bound, indexed and tabbed – must be filed with the court at or before the final pretrial conference. The Plaintiff shall number his exhibits. The Defendant shall letter his exhibits. The pages of each exhibit shall be numbered.* Objections to exhibits must be served on the parties and filed with the court within 7 days after the final pretrial conference. Objections not made, other than objections under Rule 402 and 403 of the Federal Rules of Civil Procedure, are waived unless excused by the court for good cause and the exhibits will stand as admitted.

7. **Summary Judgment Motions.** All motions for summary judgment shall be filed not later than 14 days after the close of discovery and shall be set for hearing on the next motions day that provides at least 14 days notice.

8. **Availability of Mediation.** Pursuant to General Order 92–1–2, Adoption of Procedures For Mediation of Adversary Proceedings and Contested Matters, this case may be assigned to mediation by joint request of the parties at any time sufficiently in advance of a scheduled trial as to not delay the trial or by the Court at either the initial or final pretrial conference. To request mediation, the parties must submit a praecipe signed by all counsel (or by the parties themselves, if not represented by counsel) requesting referral to mediation and designating mutually acceptable mediator and alternate, or if the parties cannot agree on a choice of mediator, a statement to that effect. A list of volunteer mediators approved by the Court is available from the Clerk. If the parties agree on a mediator and an alternate, the Clerk will enter an order referring the matter mediation; otherwise the Court will designate the mediator and alternate and enter the order.

9. **Service of Order by Plaintiff.** The Clerk shall provide a copy of this order, the Instructions for Preparing Exhibit List, and the form Exhibit List to the plaintiff, who shall serve it on all defendants with the summons and complaint.

Alexandria, Virginia  
Date:  January 6, 2015

**FOR THE COURT**  
**William C. Redden, Clerk**  
**United States Bankruptcy Court**

By: Denise S. Williams  
Deputy Clerk

**NOTICE OF JUDGMENT OR ORDER ENTERED ON THE DOCKET**

January 6, 2015

[SchOrdExhibAlexvJune2012]

# United States Bankruptcy Court
**Eastern District of Virginia**
Alexandria Division
200 South Washington Street
Alexandria, VA 22314

INSTRUCTIONS FOR PREPARING EXHIBIT LIST,
PRE–MARKING EXHIBITS AND USING DEPOSITIONS

## EXHIBIT LIST

The Exhibit List must be typewritten and double–spaced, and should describe briefly each Exhibit to be introduced at trial. The "admitted" and "identified" columns should be left blank.

## EXHIBITS

**Each Exhibit should be numbered using a pre–printed, colored, adhesive label, in accordance with the following:**

    *Plaintiff    –    Yellow – Numerically, beginning with #1

    *Defendant    –    Blue – Alphabetically, e.g. A, B, C; AA, AB, AC; BA, BB, BC, etc.

**\*In cases with more than one party, please identify the appropriate party on each Exhibit.**

The adhesive labels should be fixed at the bottom of the Exhibit. Each Exhibit should be listed by number on the Exhibit List.

Any Exhibit which exceeds five (5) pages in length must have all pages of such Exhibit marked with the page number in the lower right hand corner.

If an Exhibit is a small document, such Exhibit must be stapled to a sheet of standard–sized paper and the Exhibit label affixed to the bottom of the sheet of paper. In the case of a group of photographs or checks, please affix a separate label to each item and number as follows: 1–A, 1–B, 1–C, or A–1, A–2, A–3, etc.

If there are more than five (5) Exhibits, they must be firmly bound and tabbed. The original and two copies of both the Exhibits and Exhibit List should be filed with the Court and copies exchanged between counsel by the date set forth in the Initial Scheduling Order.

It is desirable that counsel stipulate to the admissibility of as many Exhibits as possible, so that such Exhibits may be admitted into evidence at the beginning of trial.

## DEPOSITIONS

Only those portions of a deposition to be considered by the court may be filed as an exhibit. A summary of the testimony to be considered shall be attach to the exhibit identifying by page and line number those portions to be considered by the court.

Objections to the portions designed shall be included in the objections to exhibits as required by the Initial Scheduling Order.

# United States Bankruptcy Court
### Eastern District of Virginia

**Case Number**   14–14380–RGM
**Chapter**   13
**Adversary Proceeding Number**   15–01001–RGM
**In re:**  Hassan M. Ahmad                **Judge**  Robert G. Mayer

Shamsiya Shervani

                        Plaintiff(s)

V.

Hassan M. Ahmad et al.

                        Defendant(s)

## EXHIBIT LIST FOR

**[Name and Type of Party]**

---

**Exhibit Number/Alphabet**   **Identified**   **Admitted**   **Description**

---

[Exhibit Information]

*[Note: Additional pages of this Exhibit List need not contain the full caption.]*