UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| HASSAN M. AHMAD | ) | Case No. 14-14380-RGM |
| | ) | Chapter 13 |
| _____ | ) | |
| | ) | |
| SHAMSIYA SHERVANI | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Adversary Proceeding No. 15-01001 |
| | ) | |
| HASSAN M. AHMAD, *et al.* | ) | |
| | ) | |
| Defendants | ) | |
| _____ | ) | |

**OPPOSITION TO MOTION TO DISMISS AMENDED COMPLAINT**

COMES NOW the Plaintiff, Shamsiya F. Shervani, by counsel, and in response to the

Motion of the Defendant, Hassan M. Ahmad ("Debtor"), to dismiss the Amended Complaint,

states as follows.

1. Applicable Standards

Debtor correctly recites the general standards applicable in determining a motion to

dismiss.  However, Debtor omits several of the more significant principals to be followed in

determining such a Motion.   As stated by the 4th Circuit in *De Sole v. United States,* 947 F.2d

1169, 1171 (4th Cir. 1991), a rule 12(b)(6) motion " should be granted only in very limited

*Robert L. Vaughn, Jr., VSB 20633*
*O'Connor & Vaughn LLC*
*11490 Commerce Park Drive, Suite 510*
*Reston, VA 20191*
*T – 703-689-2100*
*F – 703-471-6496*

1

circumstances." In *Shooting Point, L.L.C. v. Cumming*, 238 F.Supp.2d 729, 735 (E.D. Va.,

2002), the U.S. District Court for the Eastern District of Virginia stated that judgment on the

pleadings under Rule 12(b)(6) should be granted only where "it appears to a certainty that the

nonmoving party cannot prove any set of facts in support of its claim that would entitle it to

relief." In ruling upon such a request, this Court must "assume the facts alleged in the complaint

are true and draw all reasonable factual inferences in [Plaintiff's] favor." *Edwards v. City of

Goldsboro,* 178 F.3d 231, 243 (4th Cir.1999).

Furthermore, while the Plaintiff does not necessarily dispute the quotations by the Debtor

from *Bell Atlantic v. Twomby,* 550 U.S. 544, 555 (2007), that decision is not applicable to the

Amended Complaint at issue. Plaintiff has made specific factual allegations; she has not made a

mere offering of legal conclusions.

Plaintiff would take exception to Debtor's recitation of the holding in *Harrison v.

Westinghouse Savannah River Co*., 176 F.3d 776 (4th Cir. 1999). The language quoted by the

Debtor was referring to what "two noted scholars" had said in a treatise with regard to Rule 9(b),

5 Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure: Civil § 1297, at

590 (2d ed. 1990); it was not the holding of the case. What the Court actually did was review

the purposes of Rule 9(b), stating that the Rule has four purposes:

> First, the rule ensures that the defendant has sufficient information to formulate a
> defense by putting it on notice of the conduct complained of.... Second, Rule 9(b)
> exists to protect defendants from frivolous suits. A third reason for the rule is to
> eliminate fraud actions in which all the facts are learned after discovery. Finally,
> Rule 9(b) protects defendants from harm to their goodwill and reputation.

The *Harrision* court went on to state that  "[a] court should hesitate to dismiss a complaint under

Rule 9(b) if the court is satisfied (1) that the defendant has been made aware of the particular

circumstances for which she will have to prepare a defense at trial, and (2) that plaintiff has

substantial prediscovery evidence of those facts."

2.  The Amended Complaint states a cause of action for fraud

Debtor feigns not to know under what provision of 11 U.S.C. §523 Plaintiff is

proceeding.  Given that Debtor's Motion to Dismiss regarding the initial filing addressed

§523(a)(2), that the oral argument before the Court on Count I of that Complaint was with regard

to §523(a)(2), and that leave to amend was granted with regard to Count I entitled

"Misrepresentation," such a contention is difficult to understand.  Moreover, such an assertion

sheds light on the *bona fides* of Debtor's position.[1]

To state a claim under 11 U.S.C. § 523(a)(2)(A), Plaintiff must  allege: (1) a false

representation, (2) knowledge that the representation was false, (3) intent to deceive, (4)

justifiable reliance on the representation, and (5) proximate cause of damages.'" *In re Wooten*,

423 B.R. 108, 121 (Bankr. E.D.Va., 2010)   As stated by Judge St. John in *Wooten*, the

misrepresentations need not be overt; in the context of § 523(a)(2)(A), misrepresentations can be

overt or they may be implied by silence.  That is, "[s]ilence or concealment as to a material fact

can constitute a false pretense or a false representation as surely as an overt act."  He went on to

state that as used in § 523(a)(2)(A), "'false pretenses' means implied misrepresentations or

---

[1] It is abundantly clear that the word "and" was inadvertently omitted between §523(a)(2) "and" (4) in the initial
Complaint; it is equally abundantly clear that the (4) should have been deleted in the Amended Complaint as the
Court had sustained the Motion to Dismiss with regard to those counts.

3

conduct intended to create and foster a false impression." *Id*. at 121 (internal citations omitted)  It is equally clear that a court can find as a fact that the debtor misrepresented his or her intention to perform their agreed upon contractual duties based upon the debtor's failure to begin performance. *Id*. at 121.

Plaintiff has alleged that the Debtor represented to her that he was an able and competent attorney, and specifically, that he was able and competent to represent her with regard to her personal injury claim.  He withheld from her the material fact that he had no experience in personal injury claims, to the point that he did not even know that there was a two (2) year statute of limitations, among the most basic, if not most basic, aspect of a personal injury case. The Debtor's silence regarding his lack of experience—to the contrary, his affirmative representations that he was capable of handling Plaintiff's claim, was intended to, and did in fact, create an impression that he was able and competent to represent the Plaintiff in her personal injury claim.

Moreover, the fact that the Debtor failed to take any action to preserve the Debtor's claim by filing a lawsuit within the 2 year statutory period is clear evidence of the fraud.  By these allegations alone, Plaintiff has more than satisfied her burden of pleading.  Frankly, Plaintiff submits that these allegations, which Debtor will not be in a position to controvert, are sufficient to result in a judgment in her favor.  However, Plaintiff has gone much further and recited the course of her dealings with the Debtor, all of which show the Debtor's representations as to his competency and abilities was false.

Defendant's position in his Memorandum in support of his Motion to Dismiss seeks to have this Court engage in the weighing of his contention of the facts.  However, such weighing of facts is not the standard to judge a Motion to Dismiss.  Not only has Plaintiff clearly satisfied

4

the requirement of §523(a)(2), but she also has fully satisfied the requirements of 9(b).  First, without question, the detailed Amended Complaint ensures that the Defendant has sufficient information to formulate a defense by putting him on notice of the conduct of which Plaintiff complains.

Second, there is no contention whatsoever that this is a frivolous suit—Defendant has admitted he committed malpractice and that his malpractice deprived Plaintiff of her ability to pursue a claim against the driver that caused her injuries.  Because Defendant did not have malpractice insurance coverage—another fact that Defendant did not share with the Plaintiff, she is left to chase him for a recovery.   She did so by filing an action in the state court.  As that matter approached trial, Defendant sought to deprive Plaintiff of her claim once again by seeking the protections of this Court.

There is no contention that this action is based upon facts learned after discovery.  The facts known to Plaintiff are those that existed as of the time she filed her initial action in the state court.  Defendant had turned over his file to the Plaintiff at the time he admitted his malpractice as he was obligated to do.  There effectively was no discovery provided by the Defendant during the state court proceedings beyond the contents of his file.  To the contrary, Defendant was able to obtain substantial discovery regarding Plaintiff's claim, specifically her medical condition and treatment by subpoenaing records from every conceivable healthcare provider she had seen within the 10 years before the collision, a total of 28 subpoenas in all.  Lastly, there is no issue here of protecting the Defendant's goodwill or reputation.  Defendant has none of either—he was an attorney, not licensed in Virginia, practicing law in Virginia, with no malpractice insurance, and no competence in the area in which he lead the Plaintiff to believe he had ability and competence.

5

Plaintiff also would note that in sustaining the Motion to Dismiss the original Complaint

on this point, the Court focused on its view that the Complaint did not specifically allege that

Defendant held himself out to the Plaintiff as able and competent at the time she agreed to retain

his services.  While Plaintiff believes those allegations were sufficiently set forth in the original

Complaint, the Amended Complaint does include specific and unequivocal allegations to that

effect.

WHEREFORE, the Plaintiff, Shamsiya F. Shervani, prays that the Motion to Dismiss

filed herein on behalf of the Defendant, Hassan M. Ahmad, be dismissed; for her costs expended

herein, including reasonable attorney's fees; and for such other and further relief as to this Court

seems just and proper.

**Shamsiya F. Shervani, Plaintiff**
*By Counsel*


**O'CONNOR & VAUGHN, LLC**
11490 Commerce Park Drive, Suite 510
Reston, Virginia  20191
(703) 689-2100 Telephone
(703) 471-6496 Facsimile

By*:   /s/ Robert L. Vaughn, Jr.*
        Robert L. Vaughn, Jr., VSB 20633
        *Counsel for Plaintiff*


**CERTIFICATE OF SERVICE**

I hereby certify that on April 3, 2015, I caused a true copy of this Motion to be served on all
parties of record via the Court's ECF filing system

 /s/ Robert L. Vaughn, Jr.
Robert L. Vaughn, Jr.

6