**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
|     Hassan M. Ahmad, | ) | Bankr. Case No. 14-14380-RGM |
| | ) | Chapter 13 |
|     Debtor | ) | |
| _____ | ) | |
| | ) | |
|     SHAMSIYA SHERVANI, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v | ) | Adversary Proceeding No. 15-01001 |
| | ) | |
|     HASSAN M. AHMAD, *et al* | ) | |
| | ) | |
|     Defendants | ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO**
**MOTION TO DISMISS AMENDED COMPLAINT**

COMES NOW Hassan M. Ahmad, Debtor/Defendant, by and through counsel, Bernard DiMuro, Esq., and replies to Plaintiff Shamsiya Shervani's Opposition to Motion to Dismiss Amended Complaint ("Opposition,") and states the following:

**I. INTRODUCTION**

Plaintiff's Opposition is without merit. It relies on a confused and altogether erroneous understanding of both the burden of pleading and the elements of fraud/misrepresentation. Moreover, it fails to respond to the crux of the motions to dismiss filed to both the original and amended complaints: that there was no showing of fraud at the time of retention, which is required for nondischargeability. The Opposition brazenly posits that the burden of pleading under Rule 9(b) (for fraud) has been sustained (ignoring that Plaintiff herself pled misrepresentation), and yet fails to identify any "specific

1

and unequivocal allegations" supporting Defendant's misrepresentation(s) of competence that Plaintiff says are fraudulent. The Opposition fails to even attempt to address the Court's concerns with the original complaint as stated during the hearing on the original (granted) Motion to Dismiss, taking the same position this Court has already rejected. Therefore, it must be overruled and the Amended Complaint Objecting to Dischargeability must be dismissed with prejudice.

As before, this is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(1).

## II. ARGUMENT

1. <u>Plaintiff Misunderstands Her Burden of Pleading</u>

Plaintiff's Opposition suffers from a fundamental misunderstanding of her burden of pleading. Nowhere is this more apparent than on p. 2 where Plaintiff describes the *Twombly*[1] case as "inapplicable" simply because "factual allegations were made." This argument is specious: *Twombly* raised the bar for all civil pleadings. Indeed, the older, lower-court cases cited by Plaintiff in support of the standard for Rule 12(b)(6) (the old "no set of facts" standard) were overruled by *Twombly*, in which the Supreme Court specifically held that standard as inappropriate: "We could go on, but there is no need to pile up further citations to show that *Conley*'s 'no set of facts' language has been questioned, criticized, and explained away long enough." *Twombly* at 1970. *Twombly* has been cited frequently in this case, and is not an obscure ruling by any stretch. It is not simply whether factual allegations were made – it is whether they are plausible.

As a result of Plaintiff's misstatement of law, she believes the Defendant asks the Court to weigh "his contention of the facts."[2] That is not the case. *Twombly* (and its sister case *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)) require Plaintiff's pleaded facts plausibly allege a cause of action for non-

---

1  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)
2  *See* Opposition at 4.

dischargeability for misrepresentation under 11 USC §523(a)(2).[3] Defendant's point is that Plaintiff's pleaded facts do not plausibly make out that cause of action. She has twice now failed to identify any representation made at the time of retention that was fraudulent or knowingly deceptive. If there were more facts, surely Plaintiff's counsel would include them. The fact that he has not, Defendant submits, should guide the Court's decision against further grants of leave to amend.

2.  Plaintiff's Reliance On Rule 9(b) is Misplaced

Plaintiff spends much time on the *Harrison* case (*Harrison v. Westinghouse Savannah River Co.*, 176 F. 3d 776 (4th Cir. 1999)) and Rule 9(b) for fraud.[4]

As a preliminary matter, the *Harrison* court clearly adopted the opinion of the "two legal scholars" as part of its holding in the case describing what needs to be pleaded to make out a cause of action for fraud. *Harrison* cites not only to the treatise, but a number of other cases in the Fourth Circuit.[5] It is merely a recitation of well-settled law on Rule 9(b)'s "particularity" requirement, which only becomes relevant in these proceedings because "lack of compliance with Rule 9(b)'s pleading requirements is treated as a failure to state a claim under Rule 12(b)(6)." *Id.* at 784, n. 5.

But the real question is why Plaintiff conflates the stated *purposes* of Rule 9(b) with her *burden* of pleading for Rule 9(b). A plaintiff may have all the facts necessary to satisfy the purpose of a particular rule, but if she doesn't plead those facts plausibly setting out the *elements* of the cause of action, then her pleading fails. *Twombly* (and *Iqbal*) – far from being "inapplicable" – mandate that Plaintiff make out the cause of action, which this Court initially found she had failed to do. She has

---

3  *Iqbal* neatly disposes of Plaintiff's argument about weighing facts. "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal* at 1950.
4  The only reason Defendant cited to Rule 9(b) is that Plaintiff failed to identify whether she was arguing for non-dischargeability under a "misrepresentation" standard, or "actual fraud," as 11 USC §523(a)(2) allows for both. Though she says she is arguing for "misrepresentation" (*see* Opposition at 3) her argument seems to hinge on fraud, as most of her discussion centers around Rule 9(b).
5  The citations are: "*See also Lasercomb America, Inc. v. Reynolds,* 911 F.2d 970, 980 (4th Cir.1990); *In re Cryomedical Sciences, Inc. Securities Litigation,* 884 F.Supp. 1001, 1012-13 (D.Md.1995); *In re Medimmune, Inc. Securities Litigation*, 873 F.Supp. 953, 964-69 (D.Md.1995)."

now filed a lightly edited Amended Complaint which, as shown in Defendant's memorandum in support of Motion to Dismiss Amended Complaint [DE #25-1], alleges even less operative facts than the original complaint. She states that the amended complaint "does include specific and unequivocal allegations...[of Defendant's alleged misrepresentations of competence]" but fails to identify where. The fact is, there are no more "specific and unequivocal allegations" in the amended complaint.

When a prior complaint was dismissed for not pleading misrepresentation, it is difficult to understand how an amended complaint that offers even less facts would somehow meet the higher burden of fraud. Why Plaintiff chose to argue fraud as opposed to misrepresentation is also unclear.

### 3. Plaintiff Again Misstates The Law of Fraud

Fraud requires a knowingly false representation. *In re Biondo*, 180 F. 3d 126, 139 (4th Cir. 1999); *see also, Nunnery v. Rountree (In re Rountree)*, 478 F.3d 215, 218 (4th Cir. 2007)). Plaintiff alleges, in a circular manner, that Defendant knew or should have known he was incompetent to handle her claim, because he didn't know about the two year statute of limitations.[6] Yet the only pleaded allegation evincing the "fraud" is the incompetence itself: *not knowing. See* Opposition at 4. If Defendant *didn't know*, there simply is not any knowing deception. Plaintiff says Defendant should have known he was incompetent to handle her case, and at the time of retention knew he was inexperienced. But for purposes of non-dischargeability, the representations (or lack thereof) had to be false at the time they were made (or omitted). *In re Criswell*, 52 B.R. 184, 196 (Bankr.E.D.Va. 1985).

The Court has already ruled (in sustaining the first Motion to Dismiss) that it is neither misrepresentation nor fraud for an attorney to merely state "from your story, it appears we should be able to handle your case" even if he knew he was inexperienced. Otherwise, every attorney's first case in any given area becomes a fraudulent misrepresentation. Plaintiff has pleaded no new facts since then, relying instead on new argument that omission of a material fact supports non-dischargeability.

---

6  Or perhaps he did, but relied on an inapplicable legal doctrine: Plaintiff has claimed both.

But there still must be a knowing deception and the only facts pleaded, besides a lack of experience, are the missed statute of limitations, which did not occur for 2 years.

To accept Plaintiff's position would eviscerate all distinction between fraud and negligence. As argued in the first Motion to Dismiss, Plaintiff's position would allow non-dischargeability even if timely suit had been filed, but Plaintiff was unhappy with the amount recovered. If failure to disclose a lack of experience is not fraud, and the only other evidence of lack of experience is missing a statute two years later, there is nothing new to disturb the Court's ruling dismissing this Adversary Proceeding.

4.   <u>Plaintiff Fails to Adhere To The Proper Standard in a 12(b)(6)/7006 Proceeding</u>

In support of her attempt to show her Amended Complaint meets the requirements of Rule 9(b), Plaintiff refers in her pleadings to, including statements, facts, characterizations and inferences which the Court, found inadequate at this hearing on the Motion to Dismiss the original complaint. Plaintiff includes such facts as Defendant's withholding the fact he lacked malpractice insurance, a statement that Plaintiff was "left" to "chase" Defendant; characterizing the seeking of bankruptcy protection as an attempt to "deprive" Plaintiff of her claim, opining on the sufficiency of discovery in the state court proceeding, and an *ad hominem* attack on Defendant's goodwill and reputation.

While Defendant believes none of these statements merit a response, Defendant points them out to the Court to underscore the irrelevance of Plaintiff's arguments. This is a motion to dismiss. The focus is on the four corners of the pleading. If Plaintiff had extra facts to add, she should have added them. Passing on counsel's inferences or arguments as pleaded facts, however, is patently improper.

### III. CONCLUSION

For the foregoing reasons, Defendant respectfully prays this Court to DISMISS, this time without leave to amend, the Plaintiff's Amended Complaint Objecting to Dischargeability.

Respectfully Submitted,

/s/ Bernard J. DiMuro

Bernard J. DiMuro (VSB #18784)
DIMUROGINSBERG, PC
908 King Street, Suite 200
Alexandria, VA 22314
Phone: (703) 684-4333
Fax: (703) 548-3181
Email:bdimuro@dimuro.com
*Counsel for Defendant*